UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODNEY D. LYNCH,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

CASE NO. 2:16-CV-01849-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: September 1, 2017

Plaintiff Rodney D. Lynch filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI"). The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel.

After considering the record, the undersigned concludes the Administrative Law Judge ("ALJ") erred when she failed to properly consider the medical opinion evidence of examining

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is substituted as Defendant for former Acting Commissioner Carolyn W. Colvin. 42 U.S.C. § 405(g); FED. R. CIV. P. 25(d)(1).

REPORT AND RECOMMENDATION - 1

physician Dr. Paul Seville, M.D. and treating physician Dr. John Nuetzmann, D.O. Had the ALJ properly evaluated the medical opinion evidence, the residual functional capacity ("RFC") may have included additional limitations. Therefore, the ALJ's error is harmful and the undersigned recommends the Court vacate the Commissioner's final decision in its entirety and remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On October 15, 2012, Plaintiff filed an application for SSI, alleging disability as of August 1, 2000. AR 22.[2] The application was denied upon initial administrative review and on reconsideration. AR 22. Plaintiff filed a written request for a hearing on June 2, 2014. AR 22.

ALJ Kimberly Boyce heard the matter on July 28, 2015. *See* AR 42–71. In a decision dated August 21, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 22–35. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–7; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, he maintains (I) the ALJ failed to properly weigh the opinion of examining physician Dr. Seville. Dkt. 12 at 1. Plaintiff further maintains (II) the ALJ committed multiple other reversible errors: (A) she failed to properly weigh the opinions of treating physician Dr. Nuetzmann, (B) non-examining physician Dr. Guillermo Rubio, M.D., and (C) examining physician Dr. Sylvia Thorpe, Ph.D.; and (D) she failed to properly support with competent evidence her analysis of Plaintiff's RFC, satisfaction of the Medical Vocational Guidelines criteria, and Step Five findings. *See* Dkt. 12 at 1.

---

[2] At the hearing, Plaintiff amended the alleged onset date to October 15, 2012. AR 22.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly weighed the medical opinion evidence.**

Plaintiff contends the ALJ failed to properly consider the opinion of examining physician Dr. Paul Seville, M.D. Dkt. 12, 14.

In August of 2013, Dr. Seville completed a physical disability evaluation regarding Plaintiff's functional abilities. *See* AR 545–48. Dr. Seville reviewed Plaintiff's medical records, conducted a physical examination, and observed Plaintiff. AR 545–48. He opined Plaintiff is limited to less than two hours sitting, standing and walking. AR 548. He further opined Plaintiff's lifting capacity is twenty pounds occasionally and ten pounds frequently. AR 548. Dr. Seville additionally opined Plaintiff can frequently balance and occasionally climb, stoop, kneel, crouch, and crawl. AR 548. Finally, he opined Plaintiff's "[w]orkplace environmental activities are limited to working around heavy machinery." AR 548.

The ALJ discussed the findings of Dr. Seville and stated:

> I agree that the claimant retains a capacity for light lifting, but otherwise I give limited weight to Dr. Seville's opinion. (1) The claimant's exam findings as noted by Dr. Seville are not typical of the findings in the longitudinal record. (2) Significantly, Dr. Seville did not have access to current imaging studies of the lumbar spine or the wrists.

AR 33 (numbering added).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence means more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751).

Here, the ALJ gave two reasons for discounting Dr. Seville's opinion, neither of which is specific and legitimate. First, the ALJ stated Dr. Seville's examination findings of Plaintiff are not typical of the findings in the longitudinal record. AR 33. The ALJ failed to discuss any findings of Plaintiff's physical functioning on a longitudinal basis in the record to support her reasoning, or why such inconsistencies would render Dr. Seville's opinion less reliable. Without more, the ALJ has failed to meet the level of specificity required to discount a physician's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the grounds that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the

ALJ to build an accurate and logical bridge from the evidence to [his] conclusions[.]").
Therefore, this reason to discount Dr. Seville's opinion is not specific and legitimate.

The ALJ's second reason for discounting the doctor's opinion, that Dr. Seville "did not have access to current imaging studies of the lumbar spine or the wrists," is not specific and legitimate. AR 33. The ALJ failed to explain why Dr. Seville's lack of access to current imaging studies of the lumbar spine or the wrists discredits his opinion. *See* AR 33. Further, Dr. Seville reviewed "all" of Plaintiff's medical records available at the time of the examination (August 2013), interviewed and observed Plaintiff, and administered a functional assessment. *See* AR 545–48. Defendant does not cite, nor does the Court find, authority holding an examining physician's failure to supplement his or her own examination and observations with medical records is a specific and legitimate reason to give less weight to the opinion. *See* Dkt. 13. Therefore, this is not a specific and legitimate reason to discount Dr. Seville's opinion. *See Embrey*, 849 F.2d at 421–22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion).

Accordingly, the undersigned finds the ALJ did not provide specific, legitimate reasons supported by substantial evidence for giving limited weight to Dr. Seville's opinion. *See Lester*, 81 F.3d at 830–31 (when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec.*

*Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–19 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111)). When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete [RFC] determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

Had the ALJ included Dr. Seville's opined limitations in the RFC assessment, Plaintiff would likely have been found disabled. For example, the ALJ found the Plaintiff's RFC assessment includes an ability to perform light work. *See* AR 29. "Light work" as defined by the Social Security Administration, "requires a good deal of walking or standing, or . . . involves sitting most of the time[.]" 20 C.F.R. § 416.967(b). However, Dr. Seville opined Plaintiff is able sit, stand, or walk for less than two hours (each) out of a normal eight hour work day. AR 548. If the limitations opined by Dr. Seville were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the undersigned finds the ALJ's error is not harmless and recommends reversal. *See Molina*, 674 F.3d at 1115. The undersigned further recommends on remand, the Court direct the ALJ to re-evaluate Dr. Seville's opinion.

**II. Whether the ALJ properly weighed other medical opinion evidence, assessed Plaintiff's RFC and satisfaction of Medical Vocational Guidelines criteria, and supported Step Five of the sequential evaluation process with substantial evidence.**

As discussed *supra*, the undersigned finds the ALJ's failure to give specific and legitimate reasons to discount Dr. Seville's medical opinion requires remand to the Commissioner for proper consideration of the medical opinion evidence. *See* Section I, *supra*.

As the ALJ's error impacts all aspects of the ALJ's decision, the undersigned recommends the Court instruct the ALJ to re-evaluate this entire matter on remand, completing each step of the sequential evaluation process.

The undersigned further recommends on remand, the Court direct the ALJ to correct the errors included in her evaluation of: (A) Dr. Nuetzmann's opinions, (B) Dr. Rubio's opinion, (C) Dr. Thorpe's opinion, and (D) the RFC assessment, Medical Vocational Guideline criteria, and Step Five findings.

    A.    <u>Dr. Nuetzmann</u>

Plaintiff contends the ALJ failed to properly consider the opinions of treating physician Dr. John Nuetzmann, D.O. Dkt. 12, 14.

The ALJ gave little weight to several of treating physician Dr. Nuetzmann's opinions. AR 32–33; *see* AR 449–57, 650–57, 667–70. The first opinion discussed by the ALJ is a physical functional evaluation completed by Dr. Nuetzmann on September 10, 2012. AR 449–57. He opined Plaintiff was able to perform sedentary work, defined as lifting ten pounds maximum, frequently lifting or carrying lightweight articles, and walking or standing for brief periods. AR 451.

The second opinion discussed by the ALJ is another physical functional evaluation completed by Dr. Nuetzmann on July 24, 2014. AR 650–57. He opined Plaintiff was able to perform sedentary work. AR 652. He further opined Plaintiff's "sciatica – failed back" caused "marked" or very significant interference with Plaintiff's ability to perform several basic work activities. AR 651.

The third opinion discussed by the ALJ is a physical medical source statement completed by Dr. Nuetzmann on June 18, 2015. AR 667–70. He opined Plaintiff can sit and stand for ten

and five minutes at a time, respectively, and for less than two hours total (each) in a day. AR 668. He also opined Plaintiff could occasionally stoop, rarely twist, crouch/squat, or climb stairs, and never climb ladders. AR 669. Dr. Nuetzmann further opined Plaintiff will need to take frequent unscheduled breaks, will be off-task twenty-five percent of the time or more during a working day, and will be absent from work more than four days per month. AR 668–70.

The ALJ gave little weight to Dr. Nuetzmann's opinions. AR 33. Her first reason was because Dr. Nuetzmann's "extreme" limitations are internally inconsistent with his treatment records and Plaintiff's testimony that he "spends most of the day sitting around." AR 33. An ALJ need not accept the opinion of a physician if the opinion is inadequately supported by his clinical findings or "the record as a whole." *See Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

However, Dr. Nuetzmann's opinions are not internally inconsistent. Dr. Nuetzmann conducted multiple evaluations that showed Plaintiff had limited range of motion in his neck and hip. *See* AR 452, 653. Dr. Nuetzmann noted several times that Plaintiff complained of back pain in the lumbar region, cramps in the anterior thigh, radiation to the left thigh, and numbness in the right thigh. *See* AR 449, 455, 650, 655, 667. Dr. Nuetzmann noted the pain originated from spine injuries in 1994 and 2000. AR 455, 655. He also noted the pain worsens with prolonged activity, such as "sitting, walking, [and] standing." AR 667. He also opined Plaintiff's need for breaks during the work day are caused by muscle weakness and pain/paresthesias, and numbness. AR 668. Dr. Nuetzmann's evaluation of Plaintiff's symptoms and functional limitations is consistent with Plaintiff's physical impairments as demonstrated by observations, clinical findings, and laboratory tests within Dr. Nuetzmann's opinions.

Moreover, the ALJ mischaracterized Plaintiff's testimony. Plaintiff testified that he spends his time "[m]ainly sit[ting] around and watch[ing] tv." AR 52. He also testified when he is in his shop for four to six hours, he "usually end[s] up just sitting on the couch and watching tv because [he gets] so aggravated and mad because [he] can't do things." AR 56. He also testified he "can't sit or stand very long . . . . ten minutes at the most." AR 59. He further testified that he must shift his position constantly while sitting "[b]ecause of the pain in the bottom of the back, lower back." AR 59. Plaintiff's testimony is consistent with Dr. Nuetzmann's opined limitations. Because Dr. Nuetzmann's opinions are supported by his findings and consistent with Plaintiff's testimony, the ALJ's first reason for giving little weight to Dr. Nuetzmann's opinions is not a specific and legitimate reason supported by substantial evidence.

The ALJ's second reason to discount Dr. Nuetzmann's opinions is that the "ongoing examination findings do not point to a disabling spine condition." AR 33. She further stated, "Dr. Nuetzmann noted no significant pathology on the 2006 MRI, and x-ray studies in 2013 showed no changes." AR 33. The ALJ also noted that although Dr. Nuetzmann ordered another MRI in July 2014, as of the July 2015 hearing Plaintiff had still not undergone the MRI, suggesting "Dr. Nuetzmann does not find the lumbar spine condition serious enough to follow up with additional testing." AR 33.

"[A]n ALJ errs when [s]he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for h[er] conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 1996) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).

Here, the ALJ provided a conclusory statement finding ongoing examination findings do not point to a disabling spine condition. AR 33. The ALJ failed to identify why Dr. Nuetzmann's observation of no significant pathology on the 2006 MRI contradicted evidence of a disabling spine condition. Furthermore, when Dr. Nuetzmann observed no significant pathology on the 2006 MRI, he also stated that the MRI could be repeated and "may be worth doing given the long term nature of the patient's narcotic pain management program." AR 657. Although the ALJ listed this context she failed to discuss it. AR 32. She also failed to discuss any evidence elsewhere in the record inconsistent with her finding. *See, e.g.*, AR 461 (Plaintiff observed to be "somewhat antalgic").

Similarly, the ALJ failed to discuss the full context of the 2013 x-ray studies. AR 33. Dr. Charles Ariz, M.D. conducted the September 2013 x-ray studies of Plaintiff's lumbar spine, which showed no changes from a previous MRI in 2006. AR 635. Dr. Ariz also opined Plaintiff had degenerative disc disease at L4-5 and L5-S1. AR 635. Moreover, a different doctor, Dr. Gregery D. Kienzle, M.D., conducted x-ray studies in April 2013 and found pathologic changes. AR 479–80. He found "[d]isc space narrowing L3-4, L4-5, L5-S1[,] [e]ndplate sclerotic changes at L4-5 compatible degenerative change[, and] [l]ateral spondylosis at these levels." AR 579. The ALJ failed to discuss Dr. Kienzle's x-ray studies, or why they are less reliable or inconsistent with Dr. Ariz' x-ray studies. Without more, the ALJ has failed to meet the level of specificity required to reject a physician's opinion.

The ALJ also concludes, without supporting evidence, Dr. Nuetzmann "does not find the lumbar spine condition serious enough" to follow up on testing. AR 33. Here, the ALJ again mischaracterized the record. Dr. Nuetzmann ordered an MRI in April 2015. AR 677. In June 2015, Dr. Nuetzmann noted that the MRI had not yet been done, stating, "[we will] see if we can

get the MRI done given the length of time it's been since the last [MRI]." AR 718. On July 17, 2015, (ten days before the hearing), Dr. Nuetzmann noted the MRI had still not been done, stating, "looks like it was denied by insurance. [We will] work on getting that ordered again." AR 716. The ALJ's vague, conclusory reason to reject Dr. Nuetzmann's opinions does not reach the level of specificity necessary to justify rejecting the opinions and is insufficient for this Court to determine if the ALJ properly considered the evidence. Without more, the ALJ's second reason to reject Dr. Nuetzmann's opinions has failed to meet the level of specificity required to reject a physician's opinion. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("[t]he ALJ must do more than offer h[er] conclusions. [She] must set forth h[er] own interpretations and explain why they, rather than the doctors', are correct.") (*citing Embrey*, 849 F.2d at 421–22).

Next, the ALJ discounts Dr. Nuetzmann's opinions because he has not provided treatment modalities other than methadone, repeatedly indicating the methadone treatment is effective. AR 33. The ALJ is entitled to resolve conflicts in the medical evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). She may not, however, substitute her own opinion for that of qualified medical experts. *Doane v. Astrue*, 2010 WL 3672411, at *4 (W.D. Wash. Aug. 17, 2010), *report and recommendation adopted*, 2010 WL 3672357 (W.D. Wash. Sept. 15, 2010). Further, "it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion." *See Embrey*, 849 F.2d at 421–22.

Here, the ALJ provided a conclusory reason to discount Dr. Nuetzmann's opinions—she failed to identify why Plaintiff's treatment renders Dr. Nuetzmann's opined limitations less reliable. AR 33. Dr. Nuetzmann opined Plaintiff was not "considered to be operable" for

treatment of his sciatica/back pain. *See* AR 455. He further opined Plaintiff's prescribed methadone treatment continued to be effective in treating Plaintiff's pain. *See, e.g.*, AR 455, 667. Dr. Nuetzmann also opined Plaintiff was limited to sedentary work. *See* AR 657. He opined Plaintiff's sciatica/back pain and numbness would cause multiple work limitations, for example, a need for frequent breaks during an eight-hour workday. *See* AR 668. The ALJ failed to identify why Dr. Nuetzmann's opinion regarding Plaintiff's treatment is inconsistent with his opined limitations or renders them less reliable. *See* AR 33. Without more, the ALJ has failed to meet the level of specificity required to reject a physician's opinion. *See Embrey*, 849 F.2d at 421–22.

Finally, the ALJ discounted Dr. Nuetzmann's opinions "[t]o the extent Dr. Nuetzmann relied on [Plaintiff's] non-credible subjective complaints." AR 33. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations") (*citing Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan*, 528 F.3d at 1199–1200).

Defendant, relying on *Tonapetyan v. Halter*, asserts the ALJ properly discounted Dr. Nuetzmann's opinions to the extent they relied on Plaintiff's subjective complaints. Dkt. 13 at 9; *Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001). In *Tonapetyan*, the Ninth Circuit upheld the ALJ's rejection of an examining physician's opinion because the opinion relied only on the plaintiff's subjective complaints and testing within the plaintiff's control. *Id.* at 1149. Unlike *Tonapetyan*, Dr. Nuetzmann's opinions do not rely solely on or even more heavily on Plaintiff's subjective complaints. Dr. Nuetzmann examined Plaintiff's medical records, history, and laboratory, imaging, and other diagnostic test results. *See* AR 450, 455, 651, 667. He conducted multiple physical examinations and considered the results. *See* AR 452–53, 456, 653–54, 656. He also considered Plaintiff's subjective complaints. AR 449, 455, 650, 655, 667. Dr. Nuetzmann's opinions are not more heavily based on Plaintiff's subjective complaints than on his clinical observations. Therefore, the ALJ's conclusion has no evidentiary basis and cannot be a specific and legitimate reason for rejecting Dr. Nuetzmann's opinions.

Accordingly, the undersigned finds the ALJ did not provide specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Nuetzmann's opinions. *See Lester*, 81 F.3d at 830–31 (when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

As discussed *supra*, harmless error principles apply in the Social Security context. *Molina*, 674 F.3d at 1115. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d at 1055; *see Molina*, 674 F.3d at 1115. When the ALJ ignores significant and probative evidence in the record

favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete [RFC] determination." *Hill*, 698 F.3d at 1161.

Had the ALJ properly considered the opinions of Dr. Nuetzmann, the RFC and hypothetical question may have included additional limitations. For example, the ALJ found the Plaintiff's RFC assessment includes an ability to perform light work. AR 29. However, Dr. Nuetzmann opined Plaintiff was able to perform sedentary work. AR 451, 652. As the ultimate disability decision may have changed, the undersigned finds the ALJ's error is not harmless and recommends reversal. *See Molina*, 674 F.3d at 1115. The undersigned further recommends on remand, the ALJ be directed to re-evaluate Dr. Nuetzmann's opinions.

B.   Dr. Rubio

Plaintiff argues the ALJ erred by giving too much weight to the opinion of non-examining physician Dr. Rubio. Dkt. 12 at 13–14. Specifically, Plaintiff argues Dr. Rubio's opinion cannot constitute substantial evidence because he rendered his opinion without examining several important evidentiary documents. *Id.*

A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan*, 242 F.3d at 1149. However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a non[-]examining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Nguyen*, 100 F.3d at 1466 (*citing Lester*, 81 F.3d at 831).

As the ALJ did not provide specific and legitimate reasons for discounting the opinions of Drs. Seville and Nuetzmann, the undersigned finds she erred when she discounted these opinions in favor of the opinion of the non-examining doctor. The undersigned recommends, on

remand, the ALJ be directed to re-evaluate all the medical opinion evidence, to include Dr. Rubio's opinion.

C. Dr. Thorpe

Plaintiff argues the ALJ erred by giving too much weight to the opinion of examining physician Dr. Thorpe. Dkt. 12 at 14. Specifically, Plaintiff argues the ALJ improperly relied on Dr. Thorpe's opined physical limitations when she is not a medical doctor—she is a psychologist. *Id.*

The ALJ cited to Dr. Thorpe's opinion that Plaintiff was capable of light duty work, and that heavy work "may cause him to have more pain." AR 33; AR 560. The ALJ then gave great weight to Dr. Thorpe's opinion "to the extent it reflects a capacity to engage in work-related activities on a sustained basis at a light level of exertion." AR 33. Where a specialist's opinion is outside her area of specialty, it is entitled to less weight. *Anderson v. Colvin*, 223 F. Supp. 3d 1108, 1121–22 (D. Or. 2016); *see* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.").

Here, the ALJ gave "great weight" to a portion of Dr. Thorpe's opinion that rested at least in part on an assessment of physical impairments outside her area of expertise. Dr. Thorpe is a licensed psychologist with a Ph.D.; Dr. Thorpe is not a medical doctor. AR 552. Much of Dr. Thorpe's opinion was grounded in her area of expertise—Plaintiff's psychological impairments. For example, she opined Plaintiff has strong attention to visual details but a weak fund of general knowledge. AR 557. However, the ALJ must give limited weight to Dr. Thorpe's statements on Plaintiff's *physical* impairments.

Accordingly, the undersigned recommends, on remand, the ALJ be directed to re-evaluate the opinion of Dr. Thorpe, discounting the opinion to the extent it is based on physical limitations.

D. Whether the ALJ erred in assessing the RFC, Plaintiff's satisfaction of the Medical Vocational Guidelines criteria, or Step Five findings

Plaintiff contends the ALJ erred when she failed to support her RFC assessment, Medical Vocational Guideline analysis, and Step Five findings with substantial evidence. Dkt. 12 at 15–16. As discussed above, the undersigned recommends the Court find the ALJ committed harmful error when she failed to properly consider the opinions of Drs. Seville and Nuetzmann. *See* Sections I and II(A), *supra*. Should the Court agree, the ALJ will be required to reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *see Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings). She will also be required to re-evaluate the findings at Step Five to determine if there are jobs Plaintiff can perform in light of the RFC and Medical Vocational Guidelines criteria and existing in significant numbers in the national economy.

CONCLUSION

Based on the above stated reasons, the undersigned recommends the Court vacate the Commissioner's final decision in its entirety and remand this matter pursuant to sentence four of

42 U.S.C. § 405(g) for a *de novo* hearing consistent with this Report and Recommendation.[3] The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 1, 2017, as noted in the caption.

Dated this 16th day of August, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge

---

[3] The undersigned recommends, on remand, Plaintiff be allowed to submit new evidence to the ALJ, including the evidence submitted to the Appeals Council. *See* AR 2 ("Bellingham Family Medicine, PLLC dated September 13, 2015 through May 10, 2016; Capstone Physical Therapy dated March 30, 2016 through April 26, 2016; and John Nuetzmann, D.O. dated August 18, 2016.").